UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JULIA HAGANS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV423-352 |
| | ) | |
| TIMOTHY WARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiffs filed this lawsuit alleging claims against staff at Coastal State Prison and officials with the Georgia Department of Corrections related to the death of Rufus Lee. *See generally* doc. 1. Defendants filed a Motion to Dismiss. Doc. 8. Plaintiffs responded, doc. 12, and defendants replied, doc. 14. Plaintiffs have asked the Court to "stay the motion to dismiss, to allow discovery for factual detail and to identify and add line officers, by amendment, beyond usual scheduling deadlines." Doc. 13 at 1. Defendants oppose the request, and in that opposition ask not only that Plaintiffs' motion be denied, but that "discovery in this case be stayed until the Court rules on Defendants' pending motion to dismiss." Doc. 15 at 2.

1

Federal Rule of Civil Procedure 26(f) directs parties to "confer as soon as practicable" to develop a proposed discovery plan. This conference is the official beginning of the discovery period. *See* Fed. R. Civ. P. 26(d)(1). Under this Court's Local Rules, the parties are required to confer "by the earlier of (1) sixty (60) days after any defendant has been served with the complaint; or (2) forty-five (45) days after any defendant has appeared." Doc. 4 at 1. It is past time for the parties to confer, and for discovery to begin. *See, e.g.*, docs. 6 & 7 (waivers of service); doc. 8 (Motion to Dismiss filed May 13, 2024). Therefore, Plaintiffs' request to "allow discovery," doc. 13 at 1, is moot. The Rules contemplate the path to discovery, the parties must follow that path.

Defendants' request to stay discovery in this case, buried in their response to Plaintiffs' motion, does not alter the analysis. This is a motions-driven Court. If Defendants seek relief from discovery, they must do so in their own motion. *See* Fed. R. Civ. P. 7(b)(1). Plaintiffs may then respond to that request as contemplated by the Local Rules. *See, e.g.*, S.D. Ga. L. Civ. R. 7.5. For now, the parties' obligation to confer remains pending. If Plaintiffs seek extended deadlines in a scheduling order, *see* doc. 13 at 1, the Rule 26(f) Report is the appropriate place to

2

advocate for those extended deadlines.  *See* Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b).  Therefore, Plaintiffs' Motion is **DENIED**, as moot.  Doc. 13.

**SO ORDERED**, this 3rd day of July, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA