IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JULIA HAGANS, et al.,

    Plaintiffs,

v.

TIMOTHY WARD, et al.,

    Defendants.

CIVIL ACTION NO.: 4:23-cv-352

# O R D E R

Plaintiffs filed this lawsuit alleging claims against staff at Coastal State Prison and officials with the Georgia Department of Corrections related to the death of Rufus Lee. (See generally doc. 1.) After Defendants filed a Motion to Dismiss, (doc. 8), Plaintiffs responded, (doc. 12), and Defendants replied, (doc. 14), Plaintiffs filed a "Motion to Stay Motion to Dismiss to Allow Discovery for Factual Detail and to Identify and Add Line Officers by Amendment beyond Usual Scheduling Deadlines," (doc. 13). The Magistrate Judge denied the motion as moot. (Doc. 16.) Plaintiffs appeal that Order. (Doc. 19.)

The Magistrate Judge's Order on Plaintiffs' Motion to Stay Motion to Dismiss to Allow Discovery is subject to the deferential clearly erroneous standard of review. The statute governing referrals to the Magistrate Judge provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A)

where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).  When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Otherwise, the magistrate judge's ruling stands.  "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made."  Jackson v. Deen, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).  A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law."  Id. (citations omitted).

In the challenged Order, the Magistrate Judge explained that Federal Rule of Civil Procedure 26(f) directs parties to confer to develop a proposed discovery plan, which serves as the "official beginning of the discovery period."  (Doc. 16, p. 2.)  Because the parties' deadline to confer had passed, the request to "allow discovery" was moot, because "[t]he Rules contemplate the path to discovery, [and] the parties must follow that path."  (Id.)  The Magistrate Judge also noted that any request to extend a deadline that would ordinarily appear in a scheduling order, like a deadline to seek leave to amend pleadings, could be appropriately raised in the then-overdue Rule 26(f) Report.  (Id., pp. 2-3.)  Therefore, the Magistrate Judge denied the Motion as moot.  (Id., p. 3.)

Plaintiffs' appeal, after highlighting the purpose of 42 U.S.C. § 1983 as a "remedial vehicle," argues that discovery is needed "to shape an amended complaint."  (Doc. 19, pp. 1, 3.)  Plaintiffs contend the Magistrate Judge's acknowledgment that "the scheduling order opens

discovery" is error "because it does not address the need for the discovery," and that "[d]iscovery must be provided prior to ruling on the motion to dismiss." (Id.)  Although the Magistrate Judge's Order did acknowledge Defendants' request to stay discovery pending disposition of their Motion to Dismiss, it expressly refused to rule on that request. (Doc. 16, p. 2.)  Therefore, nothing in the Order prohibits Plaintiffs from seeking discovery prior to the Court ruling on the motion to dismiss.  Plaintiffs' appeal does not explain why the Magistrate Judge's Order is clearly erroneous or argue that it fails to follow or misapplies the applicable law. (See generally doc. 19.) Instead, Plaintiffs advocate for a ruling that would exempt this case from the ordinary course of discovery, without citing to any specific, binding authority to support such a departure. (Id., p. 4 ("The deadlines in the scheduling order, and the opening of general discovery without regard for the motion to dismiss, is a strict application of scheduling order procedure, over a procedure that needs to accommodate the claims in this case about whether there has been a deprivation of federal rights as to Mr. Lee.").)

  The Court is entitled to broad discretion in managing pretrial discovery matters. Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002) (citing Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001); United States v. McCutcheon, 86 F.3d 187, 190 (11th Cir. 1996)).  The Magistrate Judge acted within this discretion when ruling on Plaintiffs' Motion.  Plaintiffs' appeal does not raise any clear error in the Order, does not identify a failure to follow or a misapplication of law, and does not otherwise raise an argument that leaves

the Court "with a definite and firm conviction that a mistake has been made." Jackson, 2013 WL 3991793, at *2.  The appeal is, therefore, **DENIED**.  (Doc. 19.)  The Magistrate Judge's Order stands.  (Doc. 16.)

**SO ORDERED**, this 19th day of August, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA