IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JULIA HAGANS, *et al.*, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:23-cv-352 |
| v. | |
| TIMOTHY WARD, *et al.*, | |
| Defendants. | |

**O R D E R**

On May 21, 2025, the Court entered an Order granting Defendants' Motion to Dismiss all claims against Defendants Timothy Ward, Brooks Benton, Michael Anderson, Carl Betterson, and Phillip Glenn. (Doc. 24.) The Court also directed Plaintiffs to show cause why their claims against the "Supervisor John and Jane Does" and "Frontline correctional officer John and Jane Does" should not be dismissed. Plaintiffs filed what appeared to be an untitled response to the Court's Order, (doc. 25), and then, a day later, filed a Motion to File Corrected Motion and Brief with Caption, Signature, and Certificate of Service, (doc. 26). The Court **GRANTS** Plaintiffs' Motion to Amend, (id.), and has considered the entirety of Plaintiffs' pleadings including "Plaintiff's [sic] Motion and Brief for Reconsideration of Order Dismissing and Response to Show Cause," (doc. 26-1). The Court **DENIES** Plaintiffs' Motion for Reconsideration, (id.), and **DISMISSES** Plaintiffs' claims against the remaining fictional defendants "Supervisor John and Jane Does" and "Frontline correctional officer John and Jane Does."

Plaintiffs' recent pleadings, like many of Plaintiffs' filings in this case, are difficult to decipher. Nonetheless, it appears that Plaintiffs primarily seek reconsideration of the Court's Order dismissing the named Defendants. The Eleventh Circuit Court of Appeals has stated that a

motion for reconsideration falls within the purview of either Federal Rule of Civil Procedure 59(e) or 60(b).  Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993).  Under Rule 59(e), "the only grounds for granting a [plaintiff's] motion are newly-discovered evidence or manifest error of law or fact."  Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010).  Rule 60(b), on the other hand, enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding: "(1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied[.]"  Fed. R. Civ. P. 60(b)(1)–(5).  The rule also contains a "catchall" provision which authorizes relief based on "any other reason that justifies [it]."  Fed. R. Civ. P. 60(b)(6).  However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and a party seeking relief must show that absent such relief, extreme and unexpected hardship will result.  Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).  Finally, regardless of which rule applies, motions for reconsideration cannot be used to relitigate issues which have already been found lacking.  Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

      While Plaintiffs have not indicated which rule or rules they believe support their motion, the distinction is immaterial in this case.  Plaintiffs have not shown—and do not argue—that new evidence, mistake or neglect, manifest error, or exceptional circumstances entitle them to relief.  Moreover, Plaintiffs do not claim they will suffer "extreme hardship" should their request be denied.  See, e.g., Griffin, 722 F.2d at 680.  Plaintiffs merely restate arguments that the Court has already rejected and tell the Court how it could have done it better the first time.  To the extent Plaintiffs raise new arguments, they do not explain why they did not make those arguments sooner.  None of the authorities or arguments Plaintiffs raise provides a legitimate reason for the Court to undertake the drastic measure of reconsidering or changing the determinations it reached in its

Order.  Accordingly, the Court **DENIES** Plaintiffs' Motion to Reconsider.  (Doc. 26-1.)

Plaintiffs do not meaningfully respond to the Court's Order for Plaintiffs to show cause why the fictional defendants should not be dismissed.  As the Court previously explained,

> "As a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); see also Vielma v. Gruler, 808 F. App'x 872, 880 (11th Cir. 2020).  A limited exception to this rule exists "when the plaintiff's description of the defendant is so specific as to [make the 'John Doe' label] 'at the very worst, surplusage,'" and thus discovery would uncover the unnamed defendant's identity.  Richardson, 598 F.3d at 738 (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)); Vielma, 808 F. App'x at 880.

(Doc. 24, p. 13.)  Plaintiffs do not argue that their claims fall within this limited exception or that they have sufficiently identified the fictional defendants to enable the claims against those defendants to proceed.  Rather, they fall back on their arguments that the claims against the *named* Defendants should remain so that they can conduct discovery to determine who is the responsible party.  This falls well short of the pleading standard established by the Eleventh Circuit.  Accordingly, the Court **DISMISSES** Plaintiffs' claims against the remaining fictional defendants "Supervisor John and Jane Does" and "Frontline correctional officer John and Jane Does."

Having dismissed all claims in this case, the Court **DIRECTS** the Clerk of Court to enter the appropriate judgment and to **CLOSE** this case.

**SO ORDERED**, this 2nd day of July, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA